Mr. Justice Clifford
delivered the opinion of the court:
Persons to act as watchmen- or guards at the jail. in this District are usually selected by the warden of the jail, subject to the approval of the head of the Department, but their number and the amount of their compensation are fixed by the Secretary of the Interior, as they are paid out of the judiciary fund, over which he exercises control..
By the act of the 27th of February, 1801, the custody of the jai-1 was intrusted to the marshal of the District, and he was made accountable for the safe-keeping of the prisoners. (2 Stat. L., p. 106.)
Congress, however, on the 29th of February, 1864, created the office of warden of the jail, and enacted that he should have all the power and should discharge all the duties previously exercised and discharged over the jail- and the prisoners by the marshal. (13 Stat. L., p. 12.)
Supervisory power over the accounts of marshals is given by the act-of Congress upon the subject to the Secretary of the Interior, and the express -provision is that the warden shall annually, in the month of November, make a detailed report to the Secretary of the Interior. (13 ibid., 12; 9 ibid., 395.)
Judgment was rendered for the claimant, and the court below made the following finding of facts: (-1) That the claimant was employed as watchman or guará at the jail in this city for one year, at a salary of twelve hundred dollars per year, paid to him monthly by the disbursing officer of the Department of the Interior, and it is conceded by the appellants that the pay of such employes was fixed at that rate by the Secretary of that Department. (2) That he made application to the First Comptroller of the Treasury for the additional compensation, which is the subject of controversy, and that his application was refused.
*296 1. Objection is made in this case, as in those previously decided, that the claimant does not show that he ivas an employe in any one of the Departments, or in any bureau or division thereof, or in any office named in the joint resolution.. His appointment, it is said, is not authorized by statute, nor is-his compensation prescribed by any appropriation act; and the argument is, that inasmuch as neither his employment nor his compensation is directly known to any act of Congress, he-cannot be regarded as an employé in the civil service of the-United States ; but the court is entirely of a different opinion, as the office of warden is an office created by law, and the-appointee of the office is required to report to the Secretary of' the Interior.
Guards at the jail are selected by the warden, but their-compensation is fixed by the Secretary of the Interior, and they are paid by him, and it makes no difference whether the pay is charged to the appropriation for the Department or to the judiciary fund, as the fact remains that the whole subject is under the supervision of the head of that Department; whether their pay is charged to the one fund or to the other, the charge for their services must be approved by the warden and must be included in his report to the Secretary of the Interior, where the same is-subject to a further revision. Evidently they are employés in a bureau or division of the Interior Department, as their-compensation is fixed by the head of that Department, and the-officer by whom they are employed is required annually" to make a detailed report to that Department of all his official acts.
Persons employed in a bureau or 'division of a Department are as much employes'in the Department-, within the meaning-of the joint resolution, as the messengers and others rendering service under the immediate supervision of the Secretary, or those specially named in the provision as entitled to its benefits. Unquestionably guards of the jail are employés of the warden, and the office of warden of the jail is a bureau or division of' the Department of the Interior.
Viewed in that light, as the ease must be, it is clear that the-claim is well founded, and we are all of the opinion that the-judgment should be affirmed.
Judgment Affirmed.